# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

[42] CHRISTOPHER ANDINO-ARROYO,
a/k/a "Bemba,
Defendant.

CASE NO. 16-591 (GAG)

## PLEA AGREEMENT
(Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B))

TO THE HONORABLE COURT:

COMES NOW the United States of America through its counsel Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; José Capó-Iriarte, Assistant United States Attorney, Chief, Criminal Division; Alberto López-Rocafort, Assistant U.S. Attorney, Deputy Chief, Gang Unit; Vanessa E. Bonhomme, Assistant U.S. Attorney; Defendant's counsel, Miguel Oppenheimer, Esq.; and Defendant Christopher Andino-Arroyo, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:



### 1. COUNT TO WHICH DEFENDANT PLEADS GUILTY

The defendant agrees to plead guilty to **COUNT ONE** of the Indictment:

**COUNT ONE: (Conspiracy to Possess with Intent to Distribute Controlled Substances) -**

Beginning on a date unknown, but no later than in or about the year 2012, and continuing up to and until the return of the instant Indictment, in the Municipality of San Juan, District of Puerto Rico and within the jurisdiction of this Court, defendant, **[42] CHRISTOPHER ANDINO-**

ARROYO and other persons, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing a detectable amount of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of a real property comprising the Vista Hermosa Public Housing Project (hereinafter "Vista Hermosa"), a housing facility owned by a public housing authority, within one thousand (1,000) feet of a real property comprising a public or private elementary, vocational, or secondary school, and within one thousand (1,000) feet of a playground, all within the Municipality of San Juan, Puerto Rico.

All in violation of Title 21, *United States Code,* Sections 841(a)(1), 846, and 860.

2.  **MAXIMUM PENALTIES**

The penalty for the offense charged in **COUNT ONE** of the Indictment is a term of imprisonment which shall not be less than ten (10) years and up to two (2) terms of life, a fine not

to exceed twenty million dollars ($20,000,000.00) and a term of supervised release of not less than ten (10) years in addition to any term of incarceration, pursuant to Title 21, *United States Code*, Sections 841(b)(1)(A), 846, and 860.

However, for purposes of this plea agreement, the defendant is being held responsible for the possession of at least 2 kilograms but less than 3.5 kilograms of cocaine. Therefore, if the Court accepts this stipulation, the defendant faces a minimum term of imprisonment of five (5) years up to a maximum term of imprisonment of eighty (80) years, a fine not to exceed ten million dollars ($10,000,000.00), and a term of supervised release of not less than eight (8) years in addition to any term of incarceration, pursuant to Title 21, *United States Code*, Sections 841(b)(1)(C), 846, and 860.

**3. SPECIAL MONETARY ASSESSMENT**

Prior to Defendant's change of plea hearing, the Defendant shall pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction.

**4. ADVISORY NATURE OF THE SENTENCING GUIDELINES**

The defendant is aware that pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory.

**5. RULE 11(c)(1)(B) WARNINGS**

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge, but the same may be imposed following the *United States Sentencing Guidelines, Policy Statements, Application, and Background Notes* as advisory to the imposition of sentence. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within

the statutory maximum set for the offense to which the defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### 6. FINES AND RESTITUTION

The Court may, pursuant to Section 5E1.2(i) of the *Sentencing Guidelines, Policy Statements, Application, and Background Notes*, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment and/or supervised release ordered. Defendant further agrees to provide financial statements as requested by the United States.

### 7. SENTENCING GUIDELINES CALCULATIONS

Although the Guidelines are now advisory in nature, the sentencing court, in imposing sentence, is required to consider the Guideline "sentencing range established for the applicable category of the offense committed by the defendant." *United States v. Booker*, 543 U.S. 220 (2005). The United States and Defendant agree to recommend the following Sentencing Guidelines' calculations:

**INTENTIONALLY BLANK**

| SENTENCING GUIDELINES CALCULATION TABLE (COUNT ONE) Title 21, *United States Code*, Sections 841(a)(1), 846, and 860 | |
|---|---|
| BASE OFFENSE LEVEL [U.S.S.G. Section 2D1.1(c)(8)] (Possession of at least 2 kilograms but less than 3.5 kilograms of cocaine) | 26 |
| PROTECTED LOCATION [U.S.S.G. Section 2D1.2(a)(1)] (Distribution within 1,000 of PHP/School Zone) | +2 |
| Acceptance of Responsibility [U.S.S.G. Section 3E1.1] | -3 |
| TOTAL OFFENSE LEVEL | 25 |
| IMPRISONMENT RANGE IF CRIMINAL HISTORY CATEGORY I<br>IF CRIMINAL HISTORY CATEGORY II<br>IF CRIMINAL HISTORY CATEGORY III<br>IF CRIMINAL HISTORY CATEGORY IV<br>IF CRIMINAL HISTORY CATEGORY V<br>IF CRIMINAL HISTORY CATEGORY VI | 57-71<br>63-78<br>70-87<br>84-105<br>100-125<br>110-137<br>months<br>ZONE D |

8.  **CRIMINAL HISTORY CATEGORY**

The parties make NO stipulation as to defendant's criminal history.

9.  **SENTENCE RECOMMENDATION**

The parties agree and recommend that the defendant be sentenced to a term of sixty (60) months imprisonment. The defendant recognizes that the recommendation of sixty (60) months imprisonment is the statutory minimum sentence for the count of conviction. The defendant agrees that this sentence recommendation is reasonable pursuant to Title 18, *United States Code*, Section

3553(a).

## 10. WAIVER OF APPEAL

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 78 months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 11. NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and the defendant agree that no departures shall be requested by the parties. This Plea Agreement has taken into consideration all Title 18, *United States Code*, Section 3553 factors. *Any recommendation for a term of imprisonment below what has been stipulated in paragraph (9) above will constitute a material breach of the plea agreement.*

## 12. JURISDICTIONAL LIMITS OF PLEA AGREEMENT

It is specifically understood by the defendant, that this plea agreement does not extend to or bind other federal districts, federal civil and/or tax authorities, and/or State or Commonwealth of Puerto Rico tax authorities, civil and/or State or Commonwealth of Puerto Rico law enforcement authorities.

## 13. SATISFACTION WITH COUNSEL

The defendant, represents to the Court that defendant is satisfied with defendant's attorney, **Miguel Oppenheimer, Esquire,** and hereby indicates that counsel has rendered effective legal assistance.

## 14. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this agreement, Defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If the Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The Defendant and the Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent that it could not convict the Defendant unless, after hearing all the evidence, it was persuaded of the Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the Defendant. The Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, the Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for the Defendant

7

would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from the Defendant's refusal to testify. If the Defendant desired to do so, the Defendant could testify on the Defendant's own behalf.

### 15. DISMISSAL OF REMAINING COUNTS:

At sentencing, the United States shall request the dismissal of the remaining counts of the Indictment.

### 16. STIPULATED VERSION OF FACTS

The accompanying Stipulated Version of Facts signed by the defendant is hereby incorporated into this plea agreement. Defendant adopts the Version of Facts and agrees that the facts therein are accurate in every respect and that, had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt. Further, the defendant agrees that said statement of facts can be used by the sentencing judge in determining the application of any sentencing guidelines in the instant case.

### 17. LIMITATIONS OF PLEA AGREEMENT

This plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the Defendant; it does not bind any other federal district, state or local authorities.

### 18. ENTIRETY OF PLEA AGREEMENT

The United States and the defendant acknowledge that the above-stated terms and conditions constitute the entire plea agreement between the parties and deny the existence of any

other terms and conditions not stated herein. No additional promises, terms or conditions will be entered unless in writing and signed by all parties.

## 19. VOLUNTARINESS OF GUILTY PLEA

It is understood by the defendant, that defendant is entering into this plea agreement without compulsion, threats, or any other promises from the United States Attorney or any of his agents. The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is, in fact, guilty.

## 20. POTENTIAL IMPACT ON IMMIGRATION STATUS

The Defendant hereby agrees and recognizes that, if the Defendant is not a United States Citizen, his plea of guilty in this case may have an impact in his immigration status. Among others, the Defendant is subject to removal from the United States; the defendant may be barred, temporarily or permanently, from reentering the United States; a criminal conviction may affect the Defendant's ability to apply for United States citizenship, and other benefits. Further, the Defendant agrees and recognizes that any term of supervised release imposed by the Court may be suspended, as long as he remains outside the United States. However, should Defendant, at any time, reenter the United States he must immediately report to a U. S. Probation Office and otherwise comply with any conditions of supervised release that may be imposed herein.

## 21. FORFEITURE AGREEMENT

Pursuant to this Plea Agreement, the defendant agrees to forfeit to the United States any drug proceeds or substitute assets for that amount, which constitutes or is derived from proceeds generated or traceable to the drug trafficking offense in violation of Title 21, *United States Code*,

9

Sections 841(a)(1), 846, and 860. Further, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations up to the amount stated above. The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the last six (6) years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of value of more than $1,000.00, within the last six (6) years, that the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further agrees to waive all statutory challenges in any manner (including

10

direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant by agreeing to the forfeiture stated above acknowledges that such forfeiture is not grossly disproportional to the gravity of the offense conduct to which defendant is pleading guilty.

**INTENTIONALLY BLANK**

Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

RESPECTFULLY SUBMITTED.
ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

_____
José Capó-Iriarte
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 6/5/18

_____
Alberto López-Rocafort
Assistant U.S. Attorney
Deputy Chief, Gang Unit
Dated: 6/5/2018

_____
Vanessa E. Bonhomme
Assistant U.S. Attorney
Dated: 6/5/2018

_____
Miguel Oppenheimer, Esq.
Counsel for Defendant
Dated: 8/7/18

_____
Christopher Andino-Arroyo
Defendant
Dated: 8/9/18

USA v. *[42] Christopher Andino-Arroyo, a/k/a "Bemba"*, Criminal No. 16-591 (GAG)
Plea Agreement
Page 13

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with your attorney. My counsel has translated the plea agreement it to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 8/9/18

_____
Christopher Andino-Arroyo
Defendant

I am the attorney for the Defendant. I have fully explained to the Defendant his rights with respect to the pending Superseding Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the Defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 8/9/18

_____
Miguel Oppenheimer, Esq.
Counsel for Defendant

13

## GOVERNMENT'S VERSION OF THE FACTS

In conjunction with the submission of the accompanying plea agreement in this case, The United States submits the following statement setting forth the United States version of the facts leading to the defendant's acceptance of criminal responsibility for defendant's violations of Title 21, *United States Code,* Sections 841, 846, and 860. The following is a summary of the facts the United States would have proven beyond reasonable doubt if this matter would have gone to trial:

Beginning on a date unknown, but no later than in or about the year 2012, and continuing up to and until the return of the instant Indictment, in the Municipality of San Juan, District of Puerto Rico and within the jurisdiction of this Court, **[42] CHRISTOPHER ANDINO-ARROYO** and his co-defendants did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing a detectable amount of Alprazolam (commonly

known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of a real property comprising the Vista Hermosa Public Housing Project (hereinafter "Vista Hermosa"), a housing facility owned by a public housing authority, within one thousand (1,000) feet of a real property comprising a public or private elementary, vocational, or secondary school, and within one thousand (1,000) feet of a playground, all within the Municipality of San Juan, Puerto Rico. All in violation of Title 21, *United States Code*, Sections 841(a)(1), 846 and 860.

Specifically, **[42] CHRISTOPHER ANDINO-ARROYO** acted as a seller for this drug trafficking organization. Several kilograms of cocaine, cocaine base (crack), heroin, a detectable amount of marijuana, and Oxycodone and Alprazolam were sold during the course of the conspiracy, however for purposes of his plea agreement, the defendant is held responsible for the possession with intent to distribute, and the distribution of, at least 2 kilograms but less than 3.5 kilograms of cocaine. This all occurred within 1,000 feet of a housing facility owned by a public housing authority, within 1,000 feet of a property comprising a public or private elementary, vocational, or secondary school, and within 1,000 feet of a playground.

The United States would have proven these facts beyond a reasonable doubt through physical, testimonial and documentary evidence such as, but not limited to, video recordings, photographs, and the testimony of agents from the Police of Puerto Rico, HSI, and cooperating

**INTENTIONALLY BLANK**

*USA v. [42] Christopher Andino-Arroyo, a/k/a "Bemba"*, Criminal No. 16-591 (GAG)
**Plea Agreement**
Page 16

witnesses, in addition to experts from the DEA Laboratory and CBP Laboratory, among others.

All discovery was timely provided to defendant.

_____
Vanessa E. Bonhomme
Assistant United States Attorney
Dated: 6/5/2018

_____
Miguel Oppenheimer, Esq.
Counsel for Defendant
Dated: 8/9/18

_____
Christopher Andino-Arroyo
Defendant
Dated: 8/9/18